IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Saundra Causey, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 3:05-2025-HMH-JRM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Jo Anne B. Barnhart, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Saundra Causey ("Causey") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. In his Report, Magistrate Judge McCrorey recommends reversing the Commissioner's decision and remanding the case for further proceedings. For the reasons stated below, the court adopts the Magistrate Judge's Report and Recommendation and remands this case for further proceedings.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1) (West Supp. 2006).

1

## I. Factual and Procedural Background

The facts are fully set forth in the decision of the administrative law judge ("ALJ") (R. at 15-32), and summarized as follows. At the time of the hearing before the ALJ, Causey was a forty-two-year-old woman with a high school education plus two years of college. (Id. at 15, 131.) Her past employment includes working as a financial loan officer and office manager/dispatcher. (Id. at 15, 134-41) She alleges disability due to back and neck injury, fibromyalgia, post-traumatic stress disorder, degenerative disc disease, fatigue, and intermittent numbness and paralysis. (Id. at 14, 21.)

On April 18, 2002, Causey filed an application for DIB. (Id.) The application was denied initially and on reconsideration. On November 19, 2004, after a hearing on October 5, 2004, the ALJ found that Causey was not disabled. (R. at 32.) On May 18, 2005, the Appeals Council denied Causey's request for review. (Id. at 4.) Causey filed the instant action on June 17, 2005.

## II. The Magistrate Judge's Report & Recommendation

Causey contended in her brief in support of her social security appeal that: (1) the ALJ erred in evaluating her pain, (2) the ALJ erred in rejecting her treating physician's opinion, (3) the ALJ's decision is not supported by substantial evidence, and (4) the ALJ erred in finding that Causey could perform her past relevant job of dispatcher because there is no evidence that Causey ever performed a sedentary dispatcher job.

The Magistrate Judge found that the Commissioner's decision was not supported by substantial evidence because the "ALJ erred in finding that Plaintiff could perform her past relevant work as a dispatcher" because "there is no indication that Plaintiff ever performed the

2

job of dispatcher." (Report and Recommendation 14.) The Magistrate Judge found no error by the ALJ with respect to Causey's other three arguments. Accordingly, the Magistrate Judge recommends reversing the Commissioner's decision denying benefits and remanding the case to the ALJ.

### III. Discussion of the Law

#### A. Standard of Review

Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (internal quotation marks omitted). Hence, if the Commissioner's finding is supported by substantial evidence, the court should uphold the finding even if the court disagrees with it. See id. However, "a factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

#### B. Objections

Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Causey filed no objections to the Magistrate Judge's Report and Recommendation. However, the Commissioner filed objections to the Report and Recommendation on November 28, 2006. Causey replied to the Commissioner's objections on December 6, 2006.

The Commissioner objected only to the Magistrate Judge's conclusion that the "ALJ erred in finding that Plaintiff could perform her past relevant work as a dispatcher" because "there is no indication that Plaintiff ever performed the job of dispatcher." (Report and Recommendation 14; Objections 1-2.) In support of her argument, the Commissioner contends that the ALJ "properly evaluated the facts of the case when he determined that Plaintiff could perform her past relevant work as a dispatcher and there was sufficient documentation available to make a determination without utilizing the services of a vocational expert." (Objections 2.)

The ALJ found that Causey had past relevant work as an office manager, dispatcher, and financial loan officer. (R. 14.) However, Causey had past relevant work as an office manager/dispatcher and financial loan officer. (Id. 134-41.) Causey's past employment as an office manager/dispatcher is a composite job. Social Security Regulation 82-61 provides that

> [c]omposite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT. Such situations will be evaluated according to the particular facts of each individual case. For those instances where available documentation and vocational resource material are not sufficient to determine how a particular job is usually performed, it may be necessary to utilize the services of a vocational specialist or vocational expert.

SSR 82-61, 1982 WL 31387, at *2 (1982). The Commissioner argues that the ALJ's decision was supported by substantial evidence because the record considered by the ALJ contained a work history report completed by Causey and Causey's resume, both of which described her job duties as an office manager/dispatcher. (R. 134-41, 142.) Further, the Commissioner argues

4

that the record "does not reflect that dispatching was an occasional responsibility of Plaintiff's." (Objections 2.) Therefore, the Commissioner submits that the ALJ properly evaluated the facts of the case when he found that Causey could perform her past relevant work as a dispatcher.

The court disagrees. The ALJ erred in finding that Causey could perform the past relevant work as a dispatcher because Causey has never been employed as a dispatcher. Causey indicated that she had past relevant work as a office manager/dispatcher. The ALJ improperly separated Causey's job as an office manager/dispatcher. See Bechtold v. Massanari, 152 F. Supp. 2d 1340, 1345 (M.D. Fla. 2001) ("Where it is clear that a claimant's past employment was a 'composite job,' an administrative law judge may not find a claimant capable of performing her past relevant work on the basis that she can meet some of the demands of her previous position, but not all of them."). Causey listed her office manager/dispatcher job duties as:

> Answer phones, order supplies, inventory shipping and receiving, write and act on correspondence, payroll paperwork/HR paperwork on all employees to forward to corp. ofc, receive and disseminate mail, use computer & email (inter & intranet), dispatch technicians to job sites/assign work orders.

(R.135.) Further, Causey indicated that this job required significant lifting including "carrying satellite equipment, wireless security systems equipment, office equipment, and office supplies up to fifty pounds." (Id.)

The ALJ never determined whether Causey could perform her past relevant work as an office manager/dispatcher. Based on the foregoing, the court finds that the ALJ improperly separated Causey's job of office manager/dispatcher and found that she was capable of the sedentary dispatcher job. Hence, the ALJ's decision is not supported by substantial evidence.

Therefore, the court adopts Magistrate Judge McCrorey's Report and Recommendation. The decision of the Commissioner is reversed and this case is remanded for the ALJ to determine whether Causey can perform any past relevant work, and if not, to proceed to step five of the sequential evaluation process. See 20 C.F.R. § 404.1520.

It is therefore

**ORDERED** that the Commissioner's decision is reversed pursuant to 42 U.S.C. § 405(g) and this case is remanded for further proceedings consistent with this opinion.

**IT IS SO ORDERED**.

> s/Henry M. Herlong, Jr.
> United States District Judge

Greenville, South Carolina
December 13, 2006