IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Saundra Causey, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 3:05-2025-HMH-JRM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). See 28 U.S.C. § 2412(d) (West 2006). Saundra Causey ("Causey") seeks attorney's fees for services rendered in the above-captioned social security action in the amount of Seven Thousand Five Hundred Twenty-four Dollars and Twenty-five Cents ($7,524.25) (calculated at $162.01 per hour for 44.9 hours) and costs in the amount of Two Hundred Fifty Dollars ($250.00). The Commissioner objects to the request for attorney's fees and costs.

"A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness." Smith v. Heckler, 739 F.2d 144, 146 (4th Cir. 1984) (internal quotation marks omitted). "In order to defeat an award, the government must show that its case had a reasonable basis both in law

1

and fact." Id. "Substantially justified" means "justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). "To be substantially justified means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." Id. at 566 (internal quotation marks omitted).

In its December 13, 2006, order the court adopted Magistrate Judge McCrorey's Report and Recommendation, remanding the case for further proceedings before the ALJ. In objecting to the Report and Recommendation, the Commissioner argued that there was substantial evidence that Causey could perform the job of dispatcher, despite the fact that the Magistrate Judge had specifically found that Causey's past relevant work was as an office manager/dispatcher, which is a composite job. There was no evidence in the record that Causey ever performed the job of dispatcher. The court found that the ALJ's decision was not supported by substantial evidence because "the ALJ improperly separated Causey's job of office manager/dispatcher and found that she was capable of the sedentary dispatcher job." (Order 5.) Regardless, the Commissioner now argues that it was substantially justified in arguing that Causey could perform the dispatcher job. The court disagrees. After a careful review of the record and the relevant case law, the court concludes that the Commissioner's position was not substantially justified.

Having found that the Commissioner's position was not substantially justified, the court finds that Causey is entitled to attorney's fees under the EAJA. The Commissioner

2

argues that the number of hours expended by Causey's counsel is excessive and should be reduced. The court agrees.

"[A]ttorney's fees and expenses under the EAJA must be reasonable." Kyser v. Apfel, 81 F. Supp. 2d 645, 646 (W.D. Va. 2000). "Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Causey's counsel claim that they expended 44.9 hours in professional services related to this case. Causey's counsel have extensive experience in Social Security disability. "[T]wenty to forty hours is the reasonable expenditure of time in an average disability case." Grey v. Chater, No. 95 CIV. 8847 (JFK), 1997 WL 12806, at * 1 (S.D.N.Y. Jan. 14, 1997) (unpublished). Causey "has failed to demonstrate a reason for diverging from the twenty to forty hour benchmark." Id. This case was not exceptionally complex or unique. Thirty hours was ample time for experienced counsel to litigate this matter. Therefore, the court finds that Causey is entitled to attorney's fees for 30 hours at the rate of $162.01 per hour.

It is therefore

**ORDERED** that Causey's motion for attorney's fees under the EAJA, docket number

15, is granted in part, and Causey is awarded attorney's fees in the amount of Four Thousand

Eight Hundred Sixty Dollars and Thirty Cents ($4,860.30) and costs in the amount of Two

Hundred Fifty Dollars ($250.00).

**IT IS SO ORDERED**.


                                    s/Henry M. Herlong, Jr.
                                    United States District Judge

Greenville, South Carolina
February 26, 2007