IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Saundra Causey | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 3:05-2025-HMH-JRM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Paul Townsend McChesney ("McChesney"), counsel for Saundra Causey ("Causey"), seeks attorney's fees for services rendered in the above-captioned Social Security action in the amount of Twelve Thousand Two Hundred Forty-five Dollars and Eighty-eight Cents ($12,245.88), which represents twenty-five percent (25%) of the award ($48,983.52). The Commissioner does not object to the request for attorney's fees.

Based upon a review of the petition and the factors to be considered in awarding attorney's fees in a Social Security case,[1] the court finds that an award of $12,245.88 is reasonable. See Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) ("[Section] 406(b) calls for court review of [contingency fee agreements] as an independent check, to assure that they yield reasonable results in particular cases."). Pursuant to a contingency fee agreement with Causey,

---

[1] Courts have considered the following factors in awarding attorney's fees: "(1) novelty of questions and skill required, (2) customary fees, (3) contingency of fee, (4) nature and length of professional relationship, and (5) amount involved and results obtained." Craig v. Sec'y, Dep't of Health and Human Servs., 864 F.2d 324, 326 (4th Cir. 1989), abrogated on other grounds by Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

1

McChesney seeks attorney's fees in the amount of twenty-five percent (25%) of any past-due benefits. In compliance with 42 U.S.C. § 406(b)(1)(A), McChesney's requested fee does not exceed twenty-five percent (25%) of any past-due benefits.

The requested attorney's fee is reasonable[2] given that McChesney expended approximately 40.65 hours working on this matter and achieved a successful result for Causey without any unreasonable delay. Further, in light of McChesney's specialized skill in social security disability cases, an hourly rate of $301.25, calculated based on the requested fee of $12,245.88 divided by the 40.65 hours expended, does not amount to a windfall. Cf. Brown v. Barnhart, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003). Finally, as McChesney has acknowledged, he must refund fees awarded under the Equal Access to Justice Act ("EAJA") to Causey in the amount of $4,860.30. See Gisbrecht, 535 U.S. at 796; 28 U.S.C. § 2412(a), (d)(2006).

Therefore, it is

**ORDERED** that McChesney is awarded attorney's fees in the amount of Twelve Thousand Two Hundred Forty-five Dollars and Eighty-eight Cents ($12,245.88).

**IT IS SO ORDERED.**

                                                                 s/Henry M. Herlong, Jr.
                                                                 United States District Judge

Greenville, South Carolina
January 8, 2008

---

[2] "In exercising [the court's] discretion, . . . [the court] must adhere to established principles of law, and it must clearly explain its reasons for the award [of attorney's fees]." Craig, 864 F.2d at 328.